This is an appeal from a summary judgment entered against D.W. Roney, Joel Foster, and Owell Foster, in favor of G. Scott Ray and the Citizen's Bank of Talladega. The judgment concerns a tort action alleging fraudulent misrepresentations by Ray *Page 876 
in the sale of a log home business to Roney. We affirm.
It is necessary to review only the facts pertinent to the dispositive issue: The propriety of entry of summary judgment. In his capacity as President of the Citizen's Bank of Talladega, Ray was authorized to sell Southern Log Homes, a log house business. One evening, in April of 1978, Ray called Roney at his home and advised him that he could purchase Southern Log Homes. The terms for the purchase would be $1,000 earnest money to be paid immediately; the remaining balance of $11,000 to be paid within a few days. Roney, being well acquainted with Southern Log Homes, readily accepted Ray's offer. On 26 February 1979, Roney sold one-third interest in the log home business to Joel and Owell Foster.
Shortly after the Fosters purchased their interest in the business, they asked Roney what assurances, if any, he had received from Georgia Pacific Company concerning the purchase of logs for the business. Unaware of any assurances, Roney requested that Ray call Georgia Pacific. Ray did so.
On 9 March 1979, Ray forwarded Roney a letter advising him of a conversation between Ray and Georgia Pacific Plant Manager, Ben Givens. Givens told Ray the logs would cost $1.25 per unit and Georgia Pacific would be glad to sell 700 units each week to Roney's operation. Thereafter, Roney purchased 700 units in the latter part of March 1979, but was subsequently sent a letter by Georgia Pacific advising him that core units would no longer be sold to any source other than their plant in Belk, Alabama.
On 7 March 1980, Roney and the Fosters filed their original complaint alleging that Ray, the bank, and Georgia Pacific had fraudulently represented that Roney could purchase 700 core units each week. The fraud allegedly occurred on 9 March 1979. The basis of this allegation was a statement taken from the letter sent by Ray to Roney on that date.
On 25 June 1981, Roney and the Fosters amended their complaint to allege both breach of contract, arising from representations on 9 March 1979, and that Roney was defrauded by Ray, the bank, and Georgia Pacific in April of 1978, regarding his purchase of Southern Log Homes. The trial court then entered summary judgment in favor of Georgia Pacific Company.
Roney and the Fosters again amended their complaint. The amendment restated a claim for fraud based upon representations occurring 10 April 1978 and allegedly discovered on or about 15 May 1979. Ray and the bank answered both the original and amended complaints by pleading the general issue, statute of limitations, laches, and other affirmative defenses.
The trial court repeatedly allowed Roney and the Fosters additional time for further discovery; however, on 22 April 1982 the trial court entered summary judgment in favor of Ray and the bank.
The pertinent provisions of the judgment read as follows:
 "In pretrial conferences the plaintiffs' attorney has stated and stipulated to the Court that his claims were based on fraud. These were the basis of his claim under the various counts he had filed. The Court finds certain amendments to the complaint which were not based on allegations concerning the log cores which change the theory of the charge of fraud to a charge that there was a misrepresentation with reference to a going business, were not timely filed and would be barred by the statute of limitations. The Court finds that the only grounds for fraud before the Court would be those grounds that were related to any misrepresentation of availability of the log cores.
". . .
 "Nowhere in the plaintiffs' deposition does it establish that the defendant, Scott Ray, made any representations regarding the purchase of log cores prior to or at the time the plaintiff purchased the subject business. All representations, if such were made, appear based upon the plaintiff's deposition, to have taken place after *Page 877 
the purchase of said business. Therefore there could not be any misrepresentations upon which he relied and acted.
". . .
 ". . . There is no evidence before this Court that Scott Ray knew or should have known of any difficulty in getting logs or cores in April of 1978 or prior thereto. In fact, the evidence before the Court is to the effect that log cores could be bought at the time of sale and were in fact bought by the plaintiff in 1979, as well as an offered contract by Georgia Pacific to sell log cores to the plaintiff, which he rejected.
 "Plaintiff has failed to establish any misrepresentations at or prior to the purchase of a material existing fact or evidence that he relied upon such prior to entering into said purchase agreement. . . ."
The sole issue to be considered by this court is whether the trial court properly entered summary judgment. The burden is upon the moving party to show that there is no genuine issue of material fact and that he is entitled to a judgment as a matter of law. ARCP, 56 (c); Ragland v. Alabama Power Co.,366 So.2d 1097, 1099 (Ala. 1978).
Our attention must focus on the legal principles relied upon by Roney and the Fosters. It is evident that the original complaint is based upon § 6-5-101, Code of Alabama, misrepresentation of material facts:
 "Misrepresentations of a material fact made willfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently and acted on by the opposite party, constitute legal fraud."
The essential elements of this tort are (1) a false representation (2) regarding a material existing fact (3) which the plaintiff relies upon (4) and is damaged by as a proximate result. Earnest v. Pritchett-Moore, Inc., 401 So.2d 752, 754
(Ala. 1981); International Resorts, Inc. v. Lambert,350 So.2d 391, 394 (Ala. 1977).
The appellant failed to discover any evidence that Ray had made a representation, much less a false one. Roney asserts that Ray told Roney 700 log core units would be available each week from the Georgia Pacific Company. This assertion is based exclusively upon a statement within a memorandum sent from Ray to Roney. However, in our view this memorandum merely outlines a discussion between Ray and the Georgia Pacific plant manager. No false representations of existing fact were made by Ray. Without more, appellants are incapable of stating or proving a cause of action. See Sly v. First National Bank of Scottsboro,387 So.2d 198 (Ala. 1980).
Neither does Roney have any evidence of reliance in the record before us. In fact, it is clear the memorandum was sent to Roney after the sale of the business had occurred. Therefore Roney could not have relied upon the memorandum in purchasing the log business.
Lastly, any evidence that Ray knew that Georgia Pacific would not be able to supply Roney in the future is nonexistent. We must conclude that the original complaint, and the amendments thereto based upon the alleged representations of 9 March 1979, raise no genuine issue of material fact. Earnest v.Pritchett-Moore, Inc., 401 So.2d at 758.
The remaining counts are based upon representations allegedly made by Ray on 10 April 1978. Amendments may relate back to the original complaint where "the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading." ARCP, 15 (c). We are in agreement with the trial court in concluding the fraud alleged on 10 April 1978 is distinct in time, occurrence, and theory, from that which allegedly took place 9 March 1979. Accordingly, the amendments asserting fraud on 10 April 1978 may not relate back to the original pleading. Bank of the Southeast v.Jackson, 413 So.2d 1091 (Ala. 1982). Standing alone, the remaining counts are barred by the one year statute of limitations: § 6-2-3, Code 1975. Therefore, *Page 878 
neither the original complaint nor any amendments thereto present any genuine issue of material fact. The trial court properly granted the motion for summary judgment and entered judgment against Roney and the Fosters. Accordingly, the judgment of the trial court is due to be and is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and ADAMS, JJ., concur.