The issue in this case is whether the trial court erred in granting summary judgment in favor of defendant Freightliner Credit Corporation (now Mercedes-Benz Credit Corporation) against plaintiff Lynn Kimbrel, who had sued the credit company for wrongful repossession, conspiracy, conversion, and breach of warranty. Although other defendants were named in the complaint, as amended, the appeal is taken only as to the defendant Freightliner. We affirm.
Kimbrel is a truck driver. On November 18, 1981, he entered into a contract with Liberty Truck Sales to purchase a new tractor. He negotiated only with employees of Liberty Truck Sales, and at no time prior to the sale did he have any contact with any employees or representatives of Freightliner Credit Corporation (Freightliner).
Kimbrel made a down payment of $3,000, in cash, and traded in his 1976 tractor, valued by both parties at $7,700. Freightliner financed the balance of the sale price, *Page 95 
and Kimbrel agreed to pay monthly installments to Freightliner.
Kimbrel took possession of the tractor and began hauling freight with it. Soon thereafter, the tractor broke down and Kimbrel returned the tractor to Liberty for repairs. While the tractor was in Liberty's shop, Kimbrel missed the first installment payment, due on December 18, 1981, and Freightliner repossessed the tractor, holding it on Liberty's premises. Liberty, under instructions from Freightliner, refused to return the tractor to Kimbrel.
Kimbrel filed his original complaint in the Circuit Court of Jefferson County on February 5, 1982, against Liberty, Freightliner, and the Caterpillar Company, the maker of the engine in the tractor. In Count One of his complaint, he alleged conversion against Liberty and Freightliner. In Count Two, he charged the defendants with conspiracy to deprive him of his down payment and his trade-in. Count Three was against Caterpillar. The count against Caterpillar was dismissed, with leave to amend. Motions to dismiss by the other defendants were denied.
On September 2, 1983, Kimbrel filed his first amended complaint, substituting it for his original complaint. This complaint consisted of Counts A through E, and in it Kimbrel claimed damages against Freightliner and Liberty for conversion, commercially unreasonable repossession, breach of express warranties, and wrongful repossession. Count E was a claim against Caterpillar. Count "F" was added by amendment on May 30, 1984. This count alleged breach of warranty against Freightliner. Kimbrel added Counts G and H, by amendment, on July 17, 1984. In Count G, he alleged fraud on the part of Freightliner that induced him to enter into the contract with Liberty. In Count H, he charged Freightliner with conversion based on this alleged fraudulent conduct.
On July 17, 1984, the court granted Mercedes-Benz's motion for summary judgment as to Counts A through D of the substituted complaint.
Kimbrel made a final amendment on July 27, 1984, in which he amended Counts G and H and added Count I. Count I claimed damages from Freightliner based upon alleged assertions made to him by employees of Liberty prior to the signing of the sales contract.
On November 2, 1984, a final judgment was granted in favor of Freightliner. Kimbrel appeals to this Court.
 I
Final summary judgment was rendered in favor of defendant Freightliner Credit Corporation upon a finding that there existed no genuine issues of material fact. The trial court held that Count G and Count H of plaintiff's complaint "[d]id not `relate back' under Rule 15 (a), Ala.R.Civ.P., and consequently, being brought more than one year after the accrual of the fraud claims set forth therein, [were] barred by the applicable one year statute of limitations."
Kimbrel claims that the trial court erred in refusing to allow him to amend to add Counts G and H, which alleged fraud arising out of alleged misrepresentations made to him in connection with his purchase of the tractor. He contends that his amendment should relate back because it arises out of the same transaction or occurrence set forth in his original complaint.
The original complaint alleges that Freightliner and Liberty conspired to deprive Kimbrel of his down payment by selling him a defective tractor, and by wrongfully repossessing the tractor. No allegation of fraud is made in the original complaint. In his amended complaint, Kimbrel alleges that agents of Liberty Truck Sales made misrepresentations during the sales transaction. Of course, at this time, Kimbrel had had no contact with Freightliner, and further, Freightliner and Liberty are separate entities.
We find the factual situation here not unlike that presented in Bank of the Southeast v. Jackson, 413 So.2d 1091 (Ala. 1982), and the cases therein cited. In Bank of the Southeast, the original complaint *Page 96 
was based upon the dishonoring of a letter of credit. After the statute of limitations had run, plaintiffs attempted to amend their complaint by adding a count charging fraud in the dishonoring of the letter of credit. This Court upheld the trial court in refusing to permit the amendment, stating:
 "[A]ny proof of fraud in the case at bar would entail proof of facts not remotely suggested in the prior pleadings which dealt with an alleged dishonor of the letter of credit."
413 So.2d at 1093.
Similarly, there was no indication in Kimbrel's original complaint that Freightliner would have to defend itself against any fraud committed by Liberty's employees during negotiations with Kimbrel. Certainly, the trial judge was authorized to find that these facts were known to Kimbrel prior to the time the original complaint was filed. Yet no indication was made to Freightliner that any fraud was involved. Rather, its original defenses would have been based on the security agreement: that it was valid, Freightliner possessed it, Kimbrel was in default, and Freightliner repossessed the security. The basis of Freightliner's defense would have been that it had a right to repossess the tractor, and that it did so without breaching the peace. Under the fraud count, Freightliner would have to disprove statements allegedly made by representatives of Liberty which were not contained in the security agreement. This would necessitate a complete change in Freightliner's defensive strategy.
Kimbrel argues that his amendment merely clarified the fraud alleged in his original complaint, but there were no allegations of fraud with particularity as required by Rule 9, Ala.R.Civ.P. The situation is thus analogous to that in Roneyv. Ray, 436 So.2d 875 (Ala. 1983). There, the original complaint alleged acts of fraud which occurred on March 9, 1979. The amendment alleged acts of fraud which occurred on April 10, 1978. This Court held that the amendment did not relate back to the time of the original complaint.
In the present case, any acts of fraud alleged by Kimbrel in his original complaint, if any facts were alleged, were unrelated to the fraud alleged in the amended complaint. InStead v. Blue Cross-Blue Shield of Alabama, 294 Ala. 3, 6,310 So.2d 469, 471 (1975), this Court stated that the allowance of an amendment is in the discretion of the trial judge, although the refusal of an amendment must be based on a valid ground. We are of the opinion that the trial judge did not abuse his discretion in granting Freightliner's motion for summary judgment as to Counts G and H.
 II
The second issue on this appeal is whether Count I raises any genuine issue of material fact. If so, the trial judge erred in granting Freightliner's motion for summary judgment. Rule 56 (c), Ala.R.Civ.P. We are of the opinion that no issue of material fact exists under Count I, and thus affirm.
We begin by noting that where there is a scintilla of evidence in favor of the non-movant's position, summary judgment is inappropriate. Further, the burden is on the movant to demonstrate that no genuine issue of fact exists. All reasonable inferences from the facts, viewed most favorably to the non-movant, are indulged. Bank of the Southeast v. Jackson, 413 So.2d at 1094. Despite this heavy burden, we find summary judgment to have been appropriate under the present facts.
Count I of Kimbrel's complaint, as noted, claims that Freightliner is liable to Kimbrel for statements made to Kimbrel by Liberty's employees. These statements are varied. One concerns a credit allegedly allowed Kimbrel against the purchase price by Liberty due to Kimbrel's using tires from his old tractor on his new tractor. This credit was not stated on the security agreement. Another was that the gear ratio on the tires was misstated by Liberty's salesmen. The last of these *Page 97 
statements was that the first payment would not be due until 45 days from the date of purchase, rather than 30 days. This claimed modification was also not present on the face of the security agreement. Thus, from the face of the agreement, Freightliner was led to believe that the first payment was due 30 days from the date of purchase, and that, upon failure to receive this payment, it had a right to repossess the tractor. The promises, if made, were made by representatives of Liberty, and not by Freightliner.
Kimbrel contends that Liberty was an agent of Freightliner. As proof of this, Kimbrel argues that Freightliner had a right of approval of Kimbrel's credit, that Freightliner's name appeared upon the contract Kimbrel signed with Liberty, and that Freightliner dictated the terms of Kimbrel's payments. None of these actions is inconsistent with the extending of credit by an institution, and these actions would not legally amount to a ratification of any statements made during negotiations by Liberty employees. There is no evidence in the record that the relationship between Liberty and Freightliner would support a finding of agency. On the contrary, Clause 3 of the contract between Liberty and Kimbrel clearly states that the seller, Liberty, and the financer, Freightliner, are to be considered as separate entities, and that no claim which Kimbrel had against Liberty could be asserted against Freightliner. Further, clause 6 of the contract states that the written contract "constitutes the entire agreement between the parties." Based on the foregoing, the trial court was correct in finding that all that Freightliner did was to finance the sale of a tractor, and, upon default by the purchaser, Kimbrel, repossess the tractor. No argument is made that the repossession was anything but peaceful. The judgment of the trial court is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.