WRIGHT, Presiding Judge.
The issue is whether the trial court erred in granting defendants’ motion for summary judgment.
The facts are as follows: The elderly owner of a two-carat diamond ring — Laura Mae Major (Laura Mae) — was admitted to the hospital. Her jewelry, including the ring, was given to her sister, Bessie Noland Long (Bessie). Laura Mae subsequently died. After her death, Bessie gave the ring to the other defendant, Betty B. Dennis (Betty), Laura Mae’s niece. Laura Mae’s husband subsequently died. Peggy A. Noland, also a niece of Laura Mae, brought an action to recover the ring, claiming it was a gift from Laura Mae to her and was illegally converted by the defendants. The trial court held the following in granting defendants’ motion for summary judgment:
“Upon reviewing the motion and attachments thereto, the wills of Laura Mae N. Major and of Earle A. Major, the responses to discovery and depositions taken in this cause, the Court finds that there is no evidence upon which a jury *1143 could find that the ring involved in this cause was ever delivered to the Plaintiff. Counsel for the parties acknowledge that the Plaintiffs claims are based upon the theory that Laura Mae N. Major or Earle A. Major made a gift of a ring to the Plaintiff. However, in order for there to be a gift, there must have been some form of delivery and the Court has not found even a scintilla of evidence that there was a delivery of the ring to the Plaintiff.”
After the court’s entry of summary judgment against Peggy, she filed this appeal.
In deciding the propriety of a summary judgment we look to the same matters the trial court initially considered in ruling on the motion. Chiniche v. Smith, 374 So.2d 872 (Ala.1979). The trial court’s standard requires that the right to summary judgment be significantly free from doubt. The law in Alabama has been stated as follows: Summary judgment is authorized only when the moving party clearly shows that there is no genuine issue as to any material fact, and movant is entitled to judgment as a matter of law; if there is a scintilla of evidence supporting the party against whom the motion is made, summary judgment may not be granted. Savage v. Wright, 439 So.2d 120 (Ala.1983).
Peggy contends that her aunt intended to make a gift of the ring to her; the defendants contend that even if Laura Mae so intended, the gift fails since the ring was never physically delivered to her. The defendants also contend that Laura Mae, in fact, intended the ring to go to Bessie.
Peggy also contends that the court put the burden respecting summary judgment on the wrong party. The law states that it is the moving party who must bear the burden of demonstrating that no genuine issue of fact exists. Kimbrel v. Mercedes-Benz Credit Corp., 476 So.2d 94 (Ala.1985). The affidavit supporting defendants’ motion for summary judgment was Peggy’s answer to defendants’ interrogatories. She answered “no” when asked whether she was ever given the ring. The court asked her whether she could produce any evidence to dispute this fact of nondelivery. She apparently could not. The court has no alternative but to consider evidence uncontroverted where opponent fails to contradict evidence presented by moving party. Garrigan v. Hinton Beef and Provision Co., 425 So.2d 1091 (Ala.1983). We find no misplacement of the burden of establishing the absence of a material issue of fact, nor in the finding that there was no dispute as to the material fact of delivery of the ring to plaintiff.
The evidence was uncontroverted that the ring was not delivered to Peggy. The validity of an inter vivos gift depends on such a delivery. First Alabama Bank of Montgomery v. Adams, 382 So.2d 1104 (Ala.1980). Without evidence of a delivery of the ring to her by Laura Mae, Peggy could not prevail at trial on her claim of gift, and she could not recover as a matter of law. The court correctly entered a summary judgment against her.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.