Jimmie Witherspoon appeals from a summary judgment in favor of Goldome Credit Corporation ("Goldome").
Witherspoon contracted with Master Builder Construction Company ("Master Builder") to replace the shingles on the roof and make other repairs to his house. Witherspoon alleges that upon a determination that his credit was insufficient to secure payment for the improvements to his house, he executed a deed purportedly conveying an interest in his house to his son, Ricky Hagler. In exchange for Master Builder's work, Witherspoon gave Master Builder a promissory note, guaranteed by Hagler and his wife, and, to secure that note, Witherspoon and the Haglers executed to Master Builder a mortgage covering the house. Master Builder later assigned the note and mortgage to Goldome.
Approximately one year later, Witherspoon allegedly became concerned about an alleged misrepresentation by Master Builder regarding siding that was to be installed on his house after completion of the roofing and other repair work. Witherspoon testified on deposition that, upon contacting Master Builder, he was told that it would cost an additional $3,500 to install the siding. After he was told this, Witherspoon stopped making the monthly mortgage payment to Goldome. Thereafter, Goldome began foreclosure proceedings. Witherspoon filed an application for a temporary restraining order pursuant to Rule 65(b), A.R.Civ.P., and filed a complaint against Goldome, Master Builder, and Jesse Leggett, who owned a 50 per cent interest in Master Builder, alleging an obligation to communicate material facts, suppression of material facts, failure to disclose, and false inducement.
Goldome filed a cross-claim against Master Builder, alleging breach of warranty and breach of contract, and filed a counter-claim against Witherspoon, alleging breach of contract. The trial court granted Goldome's motion for partial summary judgment against Witherspoon, and made the judgment final, pursuant to Rule 54(b), A.R.Civ.P. Witherspoon appealed.
We affirm.
Witherspoon contends that an agency relationship existed between Goldome and Master Builder, thereby making Goldome liable for the alleged fraud perpetrated by Master Builder. The evidence does not support this contention.
The test applied in determining the existence of an agency relationship under the doctrine of respondeat superior is *Page 948 
whether the alleged principal reserved the right to control the manner of the alleged agent's performance. Wood v. Shell OilCo., 495 So.2d 1034 (Ala. 1986). The only evidence presented by Witherspoon in his attempt to establish an agency relationship between Goldome and Master Builder is the fact that Goldome purchased mortgages on a regular basis from Master Builder and the fact that Goldome furnished the financial disclosure form signed by Witherspoon and by Jesse Leggett on behalf of Master Builder. Walter Azpell, the vice president of Goldome, stated in his affidavit that it had never retained any right to control the manner in which Master Builder conducts its business. The record is devoid of any evidence that Goldome controlled, approved, or was involved in, the execution of the note and mortgage between Master Builder and Witherspoon. The only contact Goldome had with Witherspoon, before it purchased the mortgage, was a telephone conversation to verify that the work had been properly completed.
We held in Kimbrel v. Mercedes-Benz Credit Corp.,476 So.2d 94 (Ala. 1985), that the facts that Freightliner Credit Corporation had a right to approve the buyer's credit, that its name appeared on the contract that the buyer signed with the dealership, and that Freightliner Credit Corporation dictated the terms of the buyer's payments, did not make the seller an agent of Freightliner. This case is similar to Kimbrel, in that all the instruments were signed by Jesse Leggett, on behalf of Master Builder (the contractor), and by Witherspoon (the consumer), not by Goldome.
Witherspoon also contends that Paula J. Patterson was an agent of Goldome. Patterson prepared the deed whereby Witherspoon conveyed an interest in his house to Ricky Hagler. Witherspoon alleges that he executed the deed at the request of Master Builder, acting as agent of Goldome, allegedly when Goldome determined that Witherspoon's financial standing was insufficient to secure payment for the improvements to his home.
There is no evidence in the record to support the allegations made in Witherspoon's brief that Goldome requested execution of the deed upon a determination that Witherspoon was not creditworthy. The only evidence presented by Witherspoon in his attempt to establish an agency relationship between Patterson and Goldome is that both of their places of business are located in Birmingham.
We hold, therefore, that the evidence of record in this case is insufficient to support a finding of an agency relationship between Goldome and Master Builder or between Goldome and Paula Patterson.
Viewing the facts of this case most favorably to Witherspoon, we fail to find any issue of material fact, and we hold that the trial court did not err in granting summary judgment in favor of Goldome. Rule 56(c), A.R.Civ.P.
AFFIRMED.
HORNSBY, C.J., and JONES, HOUSTON and KENNEDY, JJ., concur.