908 F.2d 923
 James S. NEAL, Plaintiff-Appellant,
Central Bank of the South, a corporation; Chrysler Credit
Corp., a corporation, Plaintiffs,
v.
STATE FARM FIRE AND CASUALTY COMPANY, a corporation, and
State Farm Mutual Automobile Insurance Company, a
corporation, Defendants-Appellees.
 No. 89-7648
Non-Argument Calendar.
 United States Court of Appeals,
Eleventh Circuit.
 Aug. 13, 1990.
 
 J. Scott Vowell, Vowell, Meelheim & McKay, P.C., Birmingham, Ala., Wayman G. Sherrer, Oneonta, Ala., for plaintiff-appellant.
 Sue Elizabeth Williamson, Lamar, Hebson, Miller & Nelson, P.C., Roderick K. Nelson, Birmingham, Ala., for defendants-appellees.
 Appeal from the United States District Court for the Northern District of Alabama.
 Before KRAVITCH, ANDERSON and CLARK, Circuit Judges.
 CLARK, Circuit Judge:
 
 
 1
 On March 14, 1988, a fire occurred at the home of James S. Neal, the plaintiff in this case. The fire destroyed both the plaintiff's house and the his van which was parked under a carport attached to the house. Previously, the plaintiff had purchased two insurance policies--one insuring the house from defendant State Farm Fire and Casualty Company and another insuring the van from defendant State Farm Mutual Automobile Insurance Company.[1] On the day of the fire Neal notified his insurance agent of the loss.
 
 
 2
 On March 15, 1988, State Farm began an investigation of the accident. Four days after the fire, Gerald Bartig, the independent investigator hired by State Farm, reported his conclusion that traces of gasoline and fuel oil had been found on the property. The fire department's arson investigator, however, determined that the fire had originated in the middle of Neal's attic from an electrical source. Neal was interviewed by State Farm on March 30, 1988 and submitted the detailed proof of loss statement required by the defendants on April 11, 1988.
 
 
 3
 State Farm did not pay the claims at this time. On March 28, 1988 State Farm had notified Neal that it questioned whether or not the company was obligated to pay the claims. In the letter to Neal, State Farm indicated that based on Bartig's report, it suspected that the fire had been intentionally set. The company indicated that it would investigate the claim further. Thereafter, Neal retained an attorney who made repeated demands for payment of the claim. During this time, while still reserving its right to contest coverage, State Farm advanced Neal $2,500.
 
 
 4
 By a letter dated July 12, 1988, Neal's attorney made a final demand for payment. On August 1, 1988, State Farm's claim supervisor notified Neal's attorney by telephone that State Farm was extending coverage.[2] On August 18, 1988, State Farm "confirmed" this conversation in a letter to Neal's attorney. The letter indicated that a claim specialist would be contacting him. After receiving that letter, Neal brought an action in Alabama state court against both State Farm defendants alleging that each of the companies had (1) breached its insurance contract with him and (2) committed the tort of bad faith refusal to pay insurance proceeds. State Farm, after removing the action to the United States District Court for the Northern District of Alabama, answered the complaint and paid into the court registry the amount of the policies' limits less the sums owed to lienholders. Thereafter, the district court granted the plaintiff's motion for summary judgment on the contract claims.
 
 
 5
 State Farm then made a motion for summary judgment on the bad faith claims. In its motion, the company alleged that Alabama law requires the insurance company to deny the claim before the plaintiff can recover in the bad faith tort claim. State Farm contended that it never denied the claim or indicated in any way that it was not going to pay Neal. Rather, the companies claimed that they were investigating the claim and that they would have paid the claim even if the plaintiff not brought suit. The plaintiff responded arguing that the unreasonable delay in making payment constituted a denial for the purposes of the bad faith claim. Neal contended that State Farm had all the information necessary to evaluate the claim months before it agreed to pay the claim and that it was the threat of the instant litigation that prompted payment.
 
 
 6
 The district court granted the motion and dismissed the claim. The court concluded that the plaintiff had not met his burden of showing that there was a refusal to pay the claim. The court found that the companies were actively investigating the claim. Based on Bartig's report that the fire was suspicious in nature, the court also found the decision to investigate a reasonable one. The court noted that all of the correspondence from State Farm stated that the company's actions should not be construed as a denial of the claim. Finally, the court noted that State Farm had even made advances to Neal during the investigation. After the court certified that there was no just reason why final judgment should not be entered on this claim,[3] the plaintiff brought this appeal to challenge the dismissal of the bad faith count.
 
 As the district court correctly noted:
 
 7
 Under the law in Alabama, the plaintiff in a bad faith refusal case has the burden of proving:
 
 
 8
 (a) an insurance contract between the parties and a breach thereof by the defendant;
 
 
 9
 (b) an intentional refusal to pay the insured's claim;
 
 
 10
 (c) the absence of any reasonably legitimate or arguable reason for that refusal (the absence of a debatable reason);
 
 
 11
 (d) the insurer's actual knowledge of the absence of any legitimate or arguable reason;
 
 
 12
 (e) if the intentional failure to determine the existence of a lawful basis is relied upon, the plaintiff must prove the insurer's intentional failure to determine whether there is a legitimate or arguable reason to refuse to pay the claim.
 
 
 13
 National Security Fire & Casualty Co. v. Bowen, 417 So.2d 179, 183 (Ala.1982).
 
 
 14
 District Court Opinion at 2. The sole issue in this appeal is whether the plaintiff has created a disputed issue of fact concerning the second requirement noted in Bowen. Because we find that the district court correctly resolved this issue in favor of the defendant, we now affirm.
 
 
 15
 The plaintiff's first argument is that the grant of summary judgment on the contract claim showed that there was no "debatable reason" for the defendants' refusal to pay. While Alabama law has established that plaintiff must show that he is entitled to recover on the policy as a matter of law in order to justify the submission of the bad faith claim to the jury, National Security Life Insurance Co. v. Dutton, 419 So.2d 1357 (Ala.1982), the question of whether or not the company had a debatable reason not to pay the claim relates only to the third requirement noted above. The reasoning of Dutton does not address the question of whether there was a "refusal to pay."
 
 
 16
 The plaintiff's second argument is that a bad faith claim can be made out when the plaintiff can show that his insurer unreasonably delays handling a claim. While it is true that the Alabama Supreme Court recognized the possibility of such a claim in Coleman v. Gulf Life Insurance Co, 514 So.2d 944 (1987), the plaintiff ignores the court's express statement requiring that the plaintiff show "wrongful intent" on the part of insurer in order to succeed on a mere delay claim when the delay in that case was at most eight months. Id. at 947. As in Coleman, aside from the delay itself, Neal has failed to present any evidence showing bad faith on the part of State Farm. In fact, State Farm's payment of the $2,500 advance is evidence that negates a finding of bad faith. Bowers v. State Farm Mutual Auto Insur. Co, 460 So.2d 1288, 1290 (Ala.1984).
 
 
 17
 In addition, an analysis of the facts of Coleman shows that the case actually supports the defendants' position. In Coleman, there was a delay in paying the claim because the claim was filed on a new policy before the company had recorded the existence of the policy into its records. While the plaintiff had filed an accident claim on March 24, 1984, it had not been paid as of July 16, 1984--the date the plaintiff filed suit. Id. The claim was eventually paid in November, 1984, eight months after the plaintiff had contacted his agent. The sole reason for the company not paying the claim was that it had yet to record the policy even though the insured had completed the policy application on January 11, 1984. In denying the Bad faith claim the court noted:
 
 
 18
 After the claim was filed, [Gulf Life] made efforts to facilitate the processing of Coleman's claim. While there was delay in the payment of the claim, Coleman filed suit prematurely. It was not until July 2, 1984, that his policy appeared on the company's records; yet Coleman filed suit 14 days later, before receiving any communications from Gulf Life on his claim.
 
 
 19
 514 So.2d at 946-47.
 
 
 20
 We think that a similar conclusion can be made with respect to this case. Admittedly there was a delay of over four months while the company investigated the case. Absent some independent showing of bad faith on the part of State Farm, this was not an unreasonable delay, given the fact that the claim involved losses exceeding $160,000. If a four month delay is permissible in order to record a policy, surely a similar delay is permissible to investigate a case when the company has evidence, from an independent investigator, indicating that the cause of the fire was suspicious. In addition, the company agreed to extend coverage on August 1, 1988 and notified Neal's attorney of this fact on that day. By letter of August 18, 1988, State Farm told Neal that it would have a claims adjuster contact him to resolve the claim. As in Coleman, Neal's action in filing suit at that time was premature as the companies were cooperating. Finally, we note that Neal has shown no decision interpreting Alabama law where the plaintiff has recovered only on the basis of delay.[4] Cf. Granger, 461 So.2d at 1327 (rejecting claim of unreasonable delay when company had negligently delayed processing plaintiff's claim for over a year when plaintiff showed no wrongful intent on the part of the insurance company).
 
 
 21
 The plaintiff claims that, as a result of the district court's decision, insurance companies will be free to refuse to pay legitimate claims merely by unreasonably delaying the decision of whether or not to extend coverage. Our decision affirming the district court should not be read in that manner. The delay of less than five months before the insurer agreed to extend coverage does not standing alone evidence bad faith. Therefore, the plaintiff is not excused from showing that the insurer rejected the claim. Our holding is based on the decisions in Coleman, supra, and Granger, supra, where the Alabama Supreme Court refused to find similar delays tortious. Like the court in Coleman, we recognize that delay may extend to the point that the insurer has evidenced bad faith; however, the facts of this case show a delay insufficient to dispense with the requirement that the claim be rejected.
 
 
 22
 AFFIRMED.
 
 
 
 [1]
 This opinion will hereinafter refer to the defendants collectively as "State Farm" as the parties have not argued that liability differs with respect to the two defendants
 
 
 [2]
 The exact cause of the fire has never been determined by State Farm
 
 
 [3]
 Absent this certification, we would not have jurisdiction over this case as the damages on the contract claim had yet to be determined. See Fed.R.Civ.P. 54(b)
 
 
 [4]
 Based on the Alabama decisions strictly interpreting this tort to cases where the insurer acts "with an intent to injure," Blue Cross & Blue Shield v. Granger, 461 So.2d 1320, 1327 (Ala.1984), we think the Alabama courts would decline to follow the cases from other jurisdictions cited by the plaintiffs