HOUSTON, Justice.
This is the third time this case has come before this Court. See Kimbrel v. Mercedes-Benz Credit Corp., 476 So.2d 94 (Ala.1985) (“Kimbrel I”), and Liberty Truck Sales, Inc. v. Kimbrel, 548 So.2d 1379 (Ala.1989) (“Kimbrel II”). The facts appear at 548 So.2d 1379 et seq. Only the following facts are pertinent in this proceeding.
Lynn Kimbrel purchased a new truck from Liberty Truck Sales, Inc. (“Liberty”). A warranty accompanied the purchase. Kimbrel sued Liberty. A judgment was entered for Kimbrel after a jury returned a verdict of $80,296 for Kimbrel because it found Liberty’s warranty to have failed of its essential purpose. We affirmed that judgment, conditioned as follows:
“Although we are of the opinion that the warranty, under the facts in this case, failed of its essential purpose, we also are of the opinion that the jury verdict of $80,296 is excessive. We affirm the judgment in this case, provided the plaintiff accepts a remittitur of $65,-296. If the remittitur is not accepted, then the judgment will be reversed and the cause remanded for a new trial.”
Kimbrel II, 548 So.2d at 1384. (Emphasis added.)
Kimbrel refused the remittitur, and the case was set for a new trial. Kimbrel then asked the trial court to limit the triable issues to damages only. The trial court refused and ordered that the case proceed to trial on the issues of liability and damages. Kimbrel has petitioned this Court for a writ of mandamus ordering the trial court to restrict the issue in the new trial to the amount of damages only.
Kimbrel argues that the following holdings in Kimbrel II are the law of the case and must be followed in the new trial:
“We, therefore, hold that Liberty adopted the Manufacturer’s Standard Warranty contained in the Owner’s Warranty Information Book.
“Turning our attention to the second issue in this case, we hold that the Manufacturer’s Standard Warranty, as adopted by Liberty, was honored by Liberty but that it failed of its essential purpose.”
Id. at 1383.
We disagree. This Court’s holdings in Kimbrel II were conditioned on Kimbrel’s acceptance of a remittitur. He refused that remittitur. Thereafter, this Court entered the following order in Kimbrel II: “[T]he plaintiff having refused to accept the remittitur as ordered by this Court, IT IS NOW CONSIDERED, ORDERED AND ADJUDGED that the judgment of the court below be reversed and annulled.”
Black’s Law Dictionary 90 (6th ed. 1990) defines “annul” as:
“[T]o reduce to nothing; annihilate; obliterate; to make void or of no effect; to nullify; to abolish; to do away with. To cancel; destroy; abrogate. To annul a judgment ... is to deprive it of all force and operation, either ab initio or prospectively as to future transactions.”
This Court did not limit the new trial to the issue of damages alone, which it had the power to do. See Beneficial Management Corp. v. Evans, 421 So.2d 92, 97 (Ala.1982). This Court reduced the judgment to nothing and “remanded [the case] to the court below for further proceedings,” which would of necessity involve issues of liability and damages.
WRIT DENIED.
HORNSBY, C.J., and MADDOX, SHORES and INGRAM, JJ., concur.
KENNEDY, J., concurs in the result.