Daniel F. Pope and his wife Teresa Pope sued World Omni Financial Corporation ("World Omni"), alleging that they were fraudulently induced into purchasing credit life and health and accident insurance at the time they purchased a 1990 Acura Integra vehicle from Smith Imports, Inc. — that Jerry Biggs, who was the sales manager for Smith Imports, Inc., and who sold the Popes the vehicle, was acting as an *Page 16 
agent for World Omni when, they say, he represented that the Popes had to purchase credit life and health and accident insurance in order to receive financing for the purchase of the vehicle. World Omni moved for a summary judgment, which the trial court granted. In entering the summary judgment for World Omni, the trial court held that "there [was] no material issue of fact as to Jerry Biggs' [the sales manager's] status as an agent for [World Omni]." The Popes appeal.
The Popes also sued Smith Imports, Inc., a Dothan automobile dealership; Tom Smith, Jr., the owner of Smith Imports, Inc.; and Bill Byrd Acura of Dothan, the successor to Smith Imports, Inc. The action remains pending against Tom Smith, Jr., and Bill Byrd Acura of Dothan. The action was stayed as to Smith Imports, Inc., because of a Chapter 11 bankruptcy proceeding. Therefore, these defendants are not parties to this appeal, which follows a Rule 54(b), A.R.Civ.P., certification of finality as to the summary judgment for World Omni.
The Popes also contend that they were fraudulently induced to purchase, and did purchase but never received, an extended service agreement for five years or 100,000 miles for $995, which agreement contained warranties overlapping with the new-car warranties remaining on the vehicle they purchased. Other than the Popes' claim of an agency relationship between Jerry Biggs, the sales manager for the independent retailer from which they purchased their vehicle, and World Omni Financial Corporation, this claim is totally unrelated to World Omni. Therefore, because we find the agency question to be dispositive of this case, we pretermit any discussion concerning the extended service agreement.
The issue for our review is whether the trial court properly held that there was no agency relationship between Biggs and World Omni — that is, that World Omni was an independent finance company and that, as a matter of law, it was not liable for the alleged misrepresentation of the sales manager of the independent automobile dealership.
Viewing the evidence in the light most favorable to the Popes as the nonmoving parties, as we are required to do under the applicable standard of review, we find that the following occurred:
On April 4, 1990, the Popes purchased a vehicle and also purchased credit life and health and accident insurance from Smith Imports. They financed the vehicle and the premium for the insurance policy through World Omni. According to Mr. Pope, during the purchase of the vehicle, he dealt only with Jerry Biggs, the sales manager of Smith Imports, and with no one from World Omni. While completing the paperwork for the purchase of the vehicle, Biggs told Mr. Pope that World Omni required that the Popes purchase credit life and health and accident insurance before it would provide credit for the purchase of the vehicle; and based on Biggs's representation, the Popes purchased and financed the purchase of the insurance. As a result of reading an article in a USA Today newspaper about credit life insurance after he had purchased the vehicle and the insurance, Mr. Pope contacted World Omni for the first time (approximately two months after the purchase of the vehicle and the insurance) and was advised by World Omni that it did not require such insurance. Consequently, the Popes canceled the insurance and obtained a credit for all but approximately $600 of the amount they had been charged for the insurance. They then filed this suit.
According to Mr. Pope, the Popes' entire claim against World Omni "rests on what Biggs said" — that is, the claim is based on the Popes' contention that Biggs, the sales manager for Smith Imports (the independent retailer from which they purchased the vehicle), was an agent of World Omni and was acting as an intermediary in arranging the financing from World Omni at the time he allegedly represented that World Omni required credit life and health and accident insurance in order to provide credit for the Popes' purchase of the vehicle. Mr. Pope testified that he knew that Biggs was the sales manager of the dealership and that although Biggs never told Mr. Pope that he was an agent, representative, or employee of World Omni, Mr. Pope *Page 17 
assumed that Biggs was an agent because Biggs took care of obtaining the financing for World Omni.
World Omni contends that the trial court properly entered a judgment in its favor because, it contends, Biggs, the sales manager, who purportedly made the representation, was not an agent of World Omni; it argues that, based upon the Popes' own testimony, there is no indicium of a principal-agent relationship and, therefore, that the trial court correctly entered a judgment in World Omni's favor.
It is well settled that the fact that a finance company, such as World Omni in this case, "had a right to approve the buyer's credit, that its name appeared on the contract that the buyer signed with the dealership, and that [the finance company] dictated the terms of the buyer's payments, did not make the seller an agent of" the finance company. Witherspoon v. GoldomeCredit Corp., 544 So.2d 946, 948 (Ala. 1989), citing Kimbrel v.Mercedes-Benz Credit Corp., 476 So.2d 94 (Ala. 1985), in which this Court held that there was no agency relationship between a tractor retailer and a finance company. In Kimbrel, at 97, the Court wrote:
 "[The plaintiff] contends that [the seller] is the agent of [the finance company]. As proof of this, [the plaintiff] argues that [the finance company] had a right of approval of [the buyer's credit], that [the finance company's] name appeared upon the contract [the buyer] signed with [the seller], and that [the finance company] dictated the terms of [the buyer's] payments. None of these actions is inconsistent with the extending of credit by an institution, and these actions would not legally amount to a ratification of any statements made during negotiations by [the seller's] employees. There is no evidence in the record that the relationship between [the seller] and [the finance company] would support a finding of agency."
(Emphasis added.)
In Turner v. Deutz-Allis Credit Corp., 544 So.2d 840, 842
(Ala. 1988), this Court reiterated the well-settled principle of law that "absent other indicia of a principal-agent relationship, a credit corporation [is] not the principal of an independent retailer . . ., despite the fact that it [may have] the right to prior approval of a credit contract that included its name on the contract and terms of payments that it had dictated." Furthermore, the Turner Court observed that "such practices were consistent with the extension of credit by an institution" and that "its approval of the contract and its terms would not legally amount to a ratification of statements made by the retailer during negotiations by the retailer's employees." Id.
Based upon the foregoing, we hold that the Popes failed to present sufficient evidence[1] of an agency relationship between Biggs and World Omni so as to rebut World Omni's prima facie showing and thereby preclude the entry of a summary judgment. There was no indicium of a principal-agent relationship. Therefore, we affirm the trial court's judgment in favor of World Omni.
AFFIRMED.
MADDOX, ALMON, SHORES, ADAMS, STEAGALL and INGRAM, JJ., concur.
[1] This case was filed after June 11, 1987; therefore, the applicable standard of review is the "substantial evidence" rule. Ala. Code 1975, § 12-21-12; Rule 56, A.R.Civ.P.