[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
FACTS
On December 17, 1989, the Wallingford, Connecticut home of plaintiff Ernest and Martha Corriveau, which was then insured, for both its structure and its contents, by defendants Aetna Casualty and Surety Company ("Aetna") and the Standard Fire Insurance Company ("Standard"), was damaged by fire. When presented with the plaintiffs' claim of loss, the defendants did not deny coverage. Instead, because they agreed that the plaintiffs had a legitimate claim but disputed the amount of the loss, -the defendants invoked the appraisal clause of the subject insurance policy, which provides as follows:
Section I — Conditions
* * *
 6. Appraisal. If you and we fail to agree on the amount of loss, either one can demand that the amount of loss be set by appraisal. If either makes a written demand for appraisal, each shall select a competent, independent appraiser and notify the other of the appraiser's identity within twenty days of receipt of CT Page 2100 the written demand. The two appraisers shall then select a competent, impartial umpire. If the two appraisers are unable to agree upon an umpire within fifteen days, you or we can ask a judge of a court of record in the state where the resident's premises is located to select an umpire. The appraisers shall then set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon shall be the amount of the loss. If the appraisers fail to agree within a reasonable time they shall submit their differences to the umpire. Written agreement signed by any two of these three shall set the amount of the loss. Each appraiser shall be paid by the party selecting that appraiser. Other expenses of the appraisal and the compensation of the umpire shall be paid equally by you and us.
Both parties named appraisers to represent them at the appraisal. The appraisal process then went forward as planned, with the umpire and plaintiffs' appraiser, Donald Kronberg, signing an appraisal award on December 31, 1990.
The plaintiffs could have moved the court to vacate the appraisal award within thirty days, under General Statutes § 52-420. However, they did not do so. Thereafter, the defendants filed an application to confirm the appraisal award, which was granted, over objection by the plaintiffs, by the Honorable Norris O'Neill on September 18, 1991. The plaintiffs did not appeal the Court's confirmation of the appraisal award.
On August 27, 1992, the plaintiffs filed an Application for Order to Proceed With Arbitration. In the Application, they contended that the appraisal proceeding did not include a consideration of and award for three types of coverage provided by the insurance policy here at issue. The Honorable Beverly Hodgson flatly disagreed, denying the plaintiffs' Application on the dual grounds that all aspects of their claim of loss were presented to the appraisers who issued the original appraisal award, and that any procedural issues concerning the adequacy of CT Page 2101 the appraisal proceeding should have been raised within thirty days of the award, pursuant to General Statutes § 52-420. Judge Hodgson's ruling was summarily affirmed on the plaintiffs' subsequent appeal. Corriveau v. Aetna, 33 Conn. App. 921 (1994).
In this case, which was filed shortly after the appraisal award was signed, the plaintiffs make four separate but related claims. In the First Count of their Revised Complaint, the plaintiffs allege that the defendants breached their contract with the plaintiffs, and thereby breached the implied covenant of good faith and fair dealing, in nineteen separate ways. In the Second Count, they alleged that the defendants violated the Connecticut Unfair Insurance Practices Act ("CUIPA"), General Statutes § 38a-815 et seq.; by its conduct in the handling of the instant claim. In the Third Count, the plaintiffs allege that each claimed CUIPA violation is also a violation of the Connecticut Unfair Trade Practices Act ("CUTPA") General Statutes § 42-110a et seq. Finally, the Fourth Count alleges emotional and physical injury based upon the allegations of the First, Second and Third Counts.
In their Amended Answer dated January 13, 1995, the defendants deny all of the plaintiffs' claims of wrongdoing and assert two special defenses: First, that in light of the special procedural history of this controversy, including Judge O'Neill's unappealed-from confirmation of the initial appraisal award, the defendants' payment in full of that award, and the Appellate Court's later affirmance of Judge Hodgson's decision to deny the plaintiffs' motion to compel arbitration, the plaintiffs' current claims are legally barred; and second, that the plaintiffs are guilty of "comparative bad faith."
The defendants now move this Court for summary judgment on all counts of the plaintiffs' Revised Complaint. They argue,inter alia, that there is no genuine issue of material fact as to any of the plaintiffs' causes of action since each is insufficient on its face as a matter of law. The parties have fully briefed and argued the instant Motion.
 I
In Count One the plaintiffs allege a breach of contract by actions that demonstrate a breach of the implied covenant of good faith and fair dealing. "The implied covenant of good faith and fair dealing has been applied in a variety of contractual CT Page 2102 relationships, including . . . insurance contracts." Verrastro v.Middlesex Insurance Co., 207 Conn. 179, 190 (1988) quoting Magnanv. Anaconda Industries, Inc., 193 Conn. 558, 566 (1984). "The concept of good faith and fair dealing is `essentially . . . a rule of construction designed to fulfill the reasonable expectations of the parties as they presumably intended. The principle, therefore, cannot be applied to achieve a result contrary to the clearly expressed terms of a contract, unless, possibly, these terms are contrary to public policy." Verrastro,207 Conn. at 190 quoting Magnan, 193 Conn. at 567.
Several of the plaintiffs' claims relating to the alleged breach of the implied covenant of good faith and fair dealing concern the issue of unreasonable delay in payment. However, any delay in payment in this matter was caused by the invocation of the appraisal clause. The defendants invoked the appraisal clause pursuant to the contract that existed between the parties. The use of an appraisal clause in a contract has been approved by and provided for by the Connecticut legislature. Conn. Gen. Stat. § 38a-307a. Since the right to submit dispute as to the amount of a loss to appraisal is contained within the express terms of the contract and does not violate public policy, delay resulting from the defendants' invocation of the appraisal clause does not constitute breach of the implied covenant of good faith and fair dealing. See Verrastro, 207 Conn. at 190. Additionally, it has been held that mere delay, without more, is insufficient to support a claim of bad faith and a breach of the implied covenant of good faith and fair dealing. Neal v. State Farm Fireand Casualty Insurance Co., 908 F.2d 923, 925-26 (11th Cir. 1990).
In Count One the plaintiffs also allege several violations of the implied covenant of good faith and fair dealing unrelated to delay in payment. They claim, inter alia, failure to present an initial estimate of loss, misrepresentation of the initial estimate of loss as comprehensive, referring the plaintiffs to an unlicensed contractor, and attempting to remove the plaintiffs' consultant. "In every contract of insurance the duty to act in good faith and fairly in handling the claim of an insured, namely a duty not to withhold unreasonably payments due under a policy, [is] necessarily implied." McCauley Enterprises v. New HampshireInsurance Co., 716 F. Sup. 718, 721 (D. Conn. 1989) quoting GrandStreet Metal Products Co. v. Protection Mutual Insurance Co.,34 Conn. Sup. 46, 50 (1977). Since none of these allegations relate to an unreasonable withholding of proceeds due under a policy, CT Page 2103 such assertions cannot serve as a basis for a breach of an obligation to exercise good faith and deal fairly.
Where the plaintiffs "have not come forth with any evidence from which it could be inferred that the defendant failed `to act in good faith and fairly in handling the claims of an insured' defendant's motion for summary judgment" is properly granted. McCauley Enterprises, 716 F.2d at 723 quotingDoyle v. Saint Paul Fire and Marine Insurance Co., 583 F. Sup. 554,555 (D. Conn. 1984). Therefore, as the plaintiffs have failed to meet their burden, summary judgment must be granted on Count One.
 II
The defendants contend that since the plaintiffs' claim of unfair insurance settlement practices under CUIPA is predicated upon improper handling of a single insurance claim, it does not rise to the level of a general business practice as required by General Statutes § 38a-816(6). It has been held that "alleged improper conduct in the handling of a single insurance claim, without any other evidence of misconduct by the defendant in the processing of another claim, does not rise to the level of a `general business practice' as required by § 38a-816(6)."Lees v. Middlesex Insurance Co., 229 Conn. 842, 849 (1994). Therefore, there is no genuine issue of material fact that the plaintiffs' CUIPA claim is legally insufficient.
 III
"A CUTPA claim based on an alleged unfair settlement practice prohibited by § 38a-816(6) requires proof, as under CUIPA, that the unfair settlement practice had been committed or performed by the defendant with frequency as to indicate a general business practice." Id. at 850. In Lees, the court reasoned that "because the plaintiff's evidence was insufficient to satisfy the requirement under CUIPA that the defendant's alleged unfair claim settlement practices constituted a `general business practice,' the plaintiff's CUTPA claim could not survive the failure of the CUIPA claim." Id. at 851; see alsoMead v. Burns, 199 Conn. 651, 666 (1986). The logic employed inLees and Mead must also govern the instant case, where the CUTPA claim is based upon the CUIPA claim. Consequently, the CUTPA claim in Count Three of the Complaint is legally insufficient because of its failure to meet the requirements of General Statutes § 38a-816(6). CT Page 2104
 IV
The granting of summary judgment on Counts One through Three necessitates that summary judgment be granted on Count Four, which is based on the allegations of the first three counts of the complaint.
For the reasons stated, the motion for summary judgment is granted.
MICHAEL R. SHELDON, JUDGE