This is an appeal from a summary judgment granted in favor of defendant State Farm Mutual Automobile Insurance Company (State Farm) as to Count Three of a complaint filed by Steve and Carolyn Quick. Count three alleged the tort of bad faith in refusing to settle a claim for uninsured motorist benefits.
The Quicks were involved in a motor vehicle accident. Carolyn Quick was a passenger in a vehicle owned and operated by Mr. James Morrow, who was insured by State Farm. James Morrow's policy contained provisions for uninsured motorist coverage.
The Quicks aver that they notified State Farm of their claim under Morrow's uninsured motorist coverage provisions and that State Farm failed to honor the claim. State Farm, however, acknowledged by letter dated March 2, 1981, that the Quicks were "entitled to some payment under the uninsured motorist coverage and that the only matter to be resolved is the amount of payment."
By amended complaint, the Quicks allege that they are entitled to punitive damages against State Farm based upon its bad faith refusal to pay their claim.
Subsequently, State Farm moved for summary judgment, alleging that no dispute existed as to the material facts in this cause and that a judgment was appropriate as a matter of law. The Circuit Court of Jefferson County granted State Farm's motion for summary judgment. We affirm.
The issue on this appeal is whether the tort of bad faith should be extended to the uninsured motorist claim in this case. We find that it should not.
Citing Baxter v. Royal Indemnity Company, 285 So.2d 652
(Fla.Dist.Ct.App. 1973), cert. discharged, 317 So.2d 725 (Fla. 1975). State Farm states that the duty of good faith arises from the fiduciary relationship. The Baxter Court stated:
 "It is the existence of the fiduciary relationship between the parties under the bodily injury liability provisions of the policy which imposes upon the insurer the obligation of exercising good faith in negotiating for and effecting a settlement *Page 1035 
of the claim against its insured and which subjects it to excess liability if it acts in bad faith or through fraud. It is because of the absence of such fiduciary relationship that no similar obligation rests upon the insured with respect to claims made against it under the uninsured motorist provision of the policy."
We agree with the Florida court that there is an inherent difference in uninsured motorist coverage and first party insurance. The provisions of uninsured motorist coverage reorder the normal postures between an insured and an insurer. Thus, until the liability of the uninsured motorist has been determined, the insurer and insured occupy an adversary position toward each other.
As stated by the Court in Baxter:
 "The legal relationship existing between the insured and his insurer on claims for collision damages or damages caused by uninsured motorists is that of debtor and creditor in which no fiduciary relationship is present."
In Baxter, the insured's son was killed and his daughter was injured in an accident with an uninsured motorist. The insured demanded payment of the full policy limits. Royal, the insurer, refused this demand until the existence and the amount of liability were fixed by arbitration.
State Farm, the insurer in this case, likewise argues that the amount of liability needs to be determined. In a letter dated March 2, 1981, from legal counsel for State Farm to counsel for the Quicks, it was stated that the Quicks were "entitled to some payment under the uninsured motorist coverage and that the only matter to be resolved is the amount of damages."
This Court notes that the uninsured motorist provision of the policy sued upon in this case requires State Farm to pay ". . . all sums which the insured or his legal representative shall belegally entitled to recover as damages . . ." from an uninsured motorist (emphasis added).
The term "legally entitled to recover as damages" has been interpreted to mean:
 ". . . that the insured must be able to establish fault on the part of the uninsured motorist, which gives rise to damages, and must be able to prove the extent of those damages. In a direct action by the insured against the insurer, the insured has the burden of proving in this regard that the other motorist was uninsured, legally liable for damage to the insured, and the amount of this liability." (Emphasis added.)
State Farm Mutual Automobile Insurance Company, Inc. v.Griffin, 51 Ala. App. 426, 286 So.2d 302 (1976).
Thus, there can be no breach of an uninsured motorist contract, and therefore no bad faith, until the insured proves that he is legally entitled to recover. We opine that the trial court correctly ruled in favor of defendant State Farm on the bad faith claim, as the evidence proves that the amount of damages had not been determined.
AFFIRMED.
MADDOX, ALMON, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.
TORBERT, C.J., concurs specially.
JONES, J., concurs in the result.