460 So.2d 1288 (1984)
William O. BOWERS and Alan Bowers
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.
83-1098.
Supreme Court of Alabama.
November 30, 1984.
*1289 Izas Bahakel and Alfred Bahakel, Birmingham, for appellants.
Edgar M. Elliott and Karon O. Bowdre of Rives & Peterson, Birmingham, for appellee.
SHORES, Justice.
This is an appeal from a summary judgment granted in favor of State Farm Mutual Automobile Insurance Company on counterclaims alleging the tort of bad faith in connection with uninsured motorist coverage. We affirm.
State Farm had issued a policy of insurance covering an automobile owned by William O. Bowers. This automobile was involved in a head-on collision while being driven by Alan Bowers, William O. Bower's teenage son. Three other teenagers were passengers in the automobile: David Stokes, James Lebo, and Joseph Cacioppo. All four boys sustained serious injuries. The policy covering the automobile provided medical benefit limits of $1,000 per person, and this amount was paid to each of the four boys. In addition, State Farm paid $2,521.75 to the Bowerses and $332.95 to Cacioppo under the uninsured motorist coverage of the principal policy. Uninsured motorist coverage limits under the policy were $10,000 per person and $20,000 per occurrence.
William O. Bowers had two other automobiles insured by State Farm, which paid him $10,000 uninsured motorist coverage, plus $1,700 interest under each of those two policies.
After the accident, the driver of the other automobile, Edward Tate, who was uninsured, filed suit against the Bowerses, father and son, charging negligence resulting in the accident.
State Farm filed a bill of interpleader, interpleading $19,667.05, the then present value of the uninsured motorist coverage under the principal policy, alleging that the damage sustained by the four boys exceeded the uninsured policy limits of $20,000 per occurrence and asked that each of the four be required to establish the extent of his claim against this amount and that State Farm be discharged.
In response to the interpleader action, William and Alan Bowers and Joseph Cacioppo filed counterclaims asserting claims for bad faith against State Farm. State Farm filed its motion for summary judgment, supported by affidavits, requests for admissions, etc. The Bowerses and Cacioppo countered with affidavits and briefs. After a hearing on the motion, the trial court granted summary judgment for State Farm. The Bowerses appeal. We affirm.
The facts developed below do not show that State Farm has refused to pay the uninsured motorist coverage. The Court has been consistent in holding that one of the elements of the tort of bad faith is the intentional refusal to pay a valid claim. National Security Fire and Casualty Co. v. Bowen, 417 So.2d 179 (Ala. 1982). The Bowerses do not dispute this, but argue in brief that the length of time which elapsed after State Farm investigated the accident and before it filed the interpleader action constitutes the equivalent of an intentional refusal to pay. We disagree.
*1290 As noted, the Bowerses were sued by the driver of the other automobile. Under the policy, State Farm is not liable to its insured under the uninsured motorist coverage until the tort liability of the uninsured motorist has been determined. It had a clear right to delay its payment until its liability was established. Prudential Ins. Co. v. Coleman, 428 So.2d 593 (Ala.1983). Even though it had that right, State Farm made some partial payments to the Bowerses, which, under the circumstances of this case, negates the existence of bad faith in dealing with its insured. Sexton v. Liberty National Life Ins. Co., 405 So.2d 18 (Ala.1981).
Additionally, State Farm's filing of an interpleader action, rather than establishing its bad faith, under the undisputed facts of this case shows just the contrary. It was faced with conflicting claims to the funds interpleaded, and nothing in the record suggests that the interpleader action was filed other than in a good faith effort to establish the extent of each claim against that fund and to limit its liability to the amount interpleaded. This it had a legal right to do and, absent some evidence to the contrary, the mere filing of an action of interpleader does not amount to evidence of bad faith dealing on its part.
Finally, Quick v. State Farm Mutual Automobile Ins. Co., 429 So.2d 1033 (Ala.1983), holds that the tort of bad faith would not be extended to uninsured motorist claims under the facts in that case. The holding in that case is equally applicable here, where the facts show that a substantial question existed as to State Farm's liability under the uninsured motorist provision of its policy. As the Chief Justice noted in his concurring opinion, where a legitimate dispute exists as to liability, whether under primary coverage or uninsured motorist coverage, a tort action for bad faith refusal to pay a contractual claim will not lie.
The judgment of the trial court is affirmed.
AFFIRMED.
MADDOX, EMBRY and BEATTY, JJ., concur.
JONES, J., concurs specially.
JONES, Justice (concurring specially).
I agree with the opinion. The facts of this case, just like the facts in Quick v. State Farm Mutual Automobile Ins. Co., 429 So.2d 1033 (Ala.1983), will not support a tort claim of bad faith. Because I concurred only in the result in Quick, I write separately to clarify that I still persist in the view that much of the language in Quick was unnecessary to its holding, and to point out that the reference to Quick in the instant opinion does not signal its embrace of all the rationale expressed in Quick.