Eugene Pierce brought this action against Combined Insurance Company for breach of contract and bad faith failure to pay a claim based on an insurance policy issued to Pierce. The trial court granted a summary judgment in favor of Combined Insurance on the bad faith count, which was made a final judgment pursuant to A.R.Civ.P., Rule 54 (b), and from which Pierce appeals.
Pierce was insured under a policy with Combined for losses due to accidental bodily injury. On June 12, 1981, Pierce was accidentally shot in the hip by his stepson. Pierce remained in the hospital until August 14, 1981, recovering from the surgery following his injury. He had a steel pin put in his hip at that time and Combined paid benefits totaling $4,816 during this period.
On June 22, 1982, more than a year after his initial hospitalization, Pierce filed a claim with Combined that appeared to be based on the same injury. The claim form indicated that the "date of first symptoms" was June 12, 1981, and that the cause of the injury was a gunshot that occurred while his stepson was cleaning a gun. The form also indicated that he had been treated by Dr. Williams at Baptist Hospital in Gadsden from June 12, 1981, to August 13, 1981. The form was identical, in all the relevant particulars, to the form he had submitted as the basis of his claim in 1981.
Combined denied Pierce's claim of June 22, 1982, in a letter dated August 24, 1982. The claims agent indicated that any new claim for the injury had to be denied because the earlier payment of $4,816 represented the maximum benefit allowable for that injury.
After Combined denied this claim, Pierce retained an attorney to pursue the matter. On November 2, 1982, the attorney wrote to Combined and explained that, while *Page 656 
Combined had compensated Pierce for his initial treatment for the gunshot wound, it was necessary for him to be readmitted on June 15, 1982, a year after the initial injury. His attorney explained that Pierce had been hospitalized from June 15 until July 24, 1982, for a total hip replacement. He demanded payment under the policy for this second period of hospitalization and attached another claim form.
Once again, the claim form indicated that the injury occurred on June 12, 1981, as a result of a gunshot wound. The form also indicated that Pierce had been treated by Dr. Williams from June 12 until August 13, 1981, as the earlier claims had done. In addition, this claim form indicated treatment by Dr. Nasca from June 1982 until the form was filed. The claim form was accompanied by an "Attending Physician's Statement," which indicated Pierce had been treated for a gunshot wound from May 25 until September 25, 1982.
Combined responded to the attorney's letter on November 17, 1982. The claims adjuster indicated that even though Pierce had been rehospitalized for his injury, the terms of the policy would not cover this period of disability because the treatment did not occur within 90 days of the injury. According to the claims adjuster, the policy clearly required that hospitalization occur within 90 days of the injury for the policy to pay disability benefits.
Pierce responded to this letter by filing yet another claim form on January 18, 1983. This form indicated that Pierce had been injured on April 10, 1982. This claim alleged that he had slipped on gravel while walking in his yard and reinjured his hip. The claim indicated treatment by Dr. Nasca, as the last claim had done. The form was accompanied by an "Attending Physician's Statement" signed by Dr. Nasca. His statement indicated that Pierce fell on April 10, 1982, while on his crutches, and broke the pin that had previously been implanted. The physician's statement indicated that Pierce had been totally disabled since his hospitalization on June 15, 1982. Pierce, in his latest claim, indicated total disability since April 10, 1982. Both of his earlier-submitted claims indicated total disability since June 12, 1981.
Combined received this third claim form and requested authorization from Pierce's attorney to obtain the relevant medical records. Combined began investigation of the claim and received the relevant records on May 6, 1983. These records indicated that Pierce had fallen sometime in October 1981 rather than in April 1982, as claimed in Pierce's third claim form. Combined continued to investigate the claim and ultimately paid the claim just before it was served process in this suit, in August 1983.
The issue to be decided in this appeal is whether there was evidence that Combined intentionally refused to pay benefits under the insurance contract in the absence of a legitimate or arguable reason for refusal. We agree with the trial court that Pierce failed to show that Combined had no legal or factual defense to the claim, as submitted, at the time it refused the claim.
To present a prima facie case of bad faith refusal to pay a claim, a plaintiff must prove the following:
 "(a) an insurance contract between the parties and a breach thereof by the defendant;
"(b) an intentional refusal to pay the insured's claim;
 "(c) the absence of any reasonably legitimate or arguable reason for that refusal (the absence of a debatable reason);
 "(d) the insurer's actual knowledge of the absence of any legitimate or arguable reason;
 "(e) if the intentional failure to determine the existence of a lawful basis is relied upon, the plaintiff must prove the insurer's intentional failure to determine whether there is a legitimate or arguable reason to refuse to pay the claim."
National Security Fire Casualty Co. v. Bowen, 417 So.2d 179,183 (Ala. 1982).
The record shows that Combined had a reason to refuse the claim applications dated June 22 and November 2. The apparent basis for each of these claims was a gunshot wound for which Pierce had already been compensated. Although the *Page 657 
second claim more clearly indicated that Pierce had been rehospitalized, it did not indicate that a new injury had occurred. It appears from the record that the policy does not compensate for treatment unless it is received within 90 days of the injury. Not until January 18, 1983, when Pierce filed his third claim, did it appear that any new injury had been sustained; therefore, Combined had at least a debatable reason to deny a claim until that time.
The record shows that Combined paid Pierce's claim, pursuant to this third claim form, in August 1983, seven months after it was filed. Under the circumstances, and especially considering the ongoing investigation during that time, the mere delay of payment, without proof of a bad faith refusal or the lack of a reasonable basis to withhold payment, is insufficient under our case law to support a claim. See, e.g., Bowers v. State FarmMutual Automobile Ins. Co., 460 So.2d 1288 (Ala. 1986), andPrudential Ins. Co. of America v. Coleman, 428 So.2d 593 (Ala. 1983).
For the foregoing reason, the judgment of the trial court is due to be, and it hereby is, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, BEATTY and HOUSTON, JJ., concur.