I concur in the excellent opinion written by Justice Maddox. I write specially only because the majority opinion quotesAetna Casualty Surety Co. v. Beggs, 525 So.2d 1350 (Ala. 1988), a case that I do not consider to be at all applicable.Beggs involved an action under Ala. Code 1975, § 6-5-410. The majority of this Court interprets this statute as permitting the recovery of only punitive damages in wrongful death cases, an interpretation with which I strongly disagree, see Tatum v.Schering Corp., 523 So.2d 1042 (Ala. 1988). However, as long as that interpretation is placed on § 6-5-410, the only "remedy" is to "recover such damages as the jury may assess." Under this Court's interpretation of § 6-5-410, juries are instructed that "[t]he imposition of punitive damages is entirely discretionary with the jury." Alabama Pattern Jury Instructions: Civil 11.03 (Amended). Therefore, the amount that the personal representative of a deceased is entitled to recover from the deceased's uninsured motorist coverage could never be determined until the jury had exercised its wholly "discretionary" duty of imposing some, if any, punitive damages. I do not agree with this; however, that is the only reasonable conclusion that could be drawn as long as § 6-5-410
is interpreted as authorizing only punitive damages. I do not believe that Justice Maddox's procedure for determining when a bad faith action can be maintained against a carrier of uninsured motorist coverage would be applicable to wrongful death cases brought under § 6-5-410, as long as a jury is given unbridled discretion to determine whether or not to award any punitive damages for the death regardless of how wrongful it was. I do not believe that this same limitation would attach to the constitutional right to a remedy for death, which I think is provided by Article I, §§ 1 and 13 of the Alabama Constitution of 1901.