HOUSTON, Justice
(concurring in the result).
I view the issue as whether, on a defendant’s request for a remittitur of a punitive damages award in a wrongful death case based on an allegation that the award will have a devastating financial impact on the defendant, the trial court can consider the defendant’s potential claim against his insurer to recover an amount in excess of the defendant’s insurance coverage? The answer is no.
Because of the peculiar nature of damages for wrongful death in Alabama, “such damages as the jury may assess,” ranging from nothing to $7,500,000 (largest amount upheld by this Court; see General Motors Corp. v. Johnston, 592 So.2d 1054 (Ala.1992)) may be recoverable. Ala.Code 1975, § 6-5-410. We have established no minimum limit, even where the defendant’s action is intentional; the jury still has the right to award nothing. (Although I personally disagree with this, I have been unable to persuade any other members of the Court that this is not only unjust, but unconstitutional.)
It is doubtful that an insured could ever prove that an insurer’s liability for failure to settle a wrongful death claim amounted to a *867 bad faith failure to settle. See Aetna Casualty & Surety Co. v. Beggs, 525 So.2d 1350, 1352-53 (Ala.1988) (bad faith failure to pay uninsured motorist benefits):
“[I]t is doubtful that an insured could ever prove the amount of an insurer’s liability under uninsured motorist coverage in a wrongful death case with the specificity necessary to recover against an insurer for bad faith in failing to negotiate or pay a wrongful death claim under uninsured motorist coverage.
“This would not be the first time that this Court’s peculiar interpretation of the damages aspect of our wrongful death statute has potentially deprived a claimant of a right it might have had if personal injury, and not death, had resulted. See Carter v. City of Birmingham, 444 So.2d 373 (Ala.1983), cert denied, 467 U.S. 1211, 104 S.Ct. 2401, 81 L.Ed.2d 357 (1984).”
See, also, Barnes v. Oswalt, 579 So.2d 1319, 1324 (Ala.1991) (Houston, J., concurring in the result):
“[I]n making the imposition of those damages [punitive damages only in wrongful death cases] optional with the jury, the majority of this Court consistently denies a remedy for death. This could have led to what, in my opinion, is the ultimate inconsistent verdict in this ease, a verdict that is based upon a jury’s finding that the defendant’s act or omission was the proximate cause of the death of the plaintiff’s decedent, but that awards no damages because the jury, exercising its discretion, elected not to punish the defendant.”
If the trial court considers any more than the face amount of the defendant’s liability policy and the present assets of the defendant in the Hammond hearing, it will deprive the defendant of his constitutional rights. The defendant’s constitutional right to fairness in punishment cannot depend upon what may happen in another court on another day.