MOORE, Chief Justice.
Safeway Insurance Company of Alabama, Inc. (“Safeway”), petitions this Court for a writ of mandamus directing the Jackson Circuit Court to grant Safeway’s Rule 12(b)(1), Ala. R. Civ. P., motion to dismiss a bad-faith claim against it for lack of subject-matter jurisdiction. For reasons explained below, we deny the petition.

I. Facts and Procedural History

Richard Thomas Kimbrough alleges that, on November 19, 2011, a deer ran across Jackson County Road 33, causing a truck in the southbound lane to swerve into the northbound lane, where Kim-brough was driving. According to Kim-brough, the truck struck his vehicle and ran him off the road and into a creek bed. The driver of the truck allegedly fled and remains unknown.
As a result of the accident, Kimbrough broke his right femur, right hand, and nose. As part of his medical treatment, screws were inserted into his leg, and he required plastic surgery to his face. His medical expenses totaled $96,947.70.
At the time of the accident, Kimbrough held an insurance policy with Safeway that included uninsured-motorist benefits of $25,000 per vehicle or a stacked policy limit of $50,000 per occurrence. Kim-brough submitted a claim to Safeway for uninsured-motorist coverage, alleging that the driver of the “phantom vehicle”[1] was an uninsured motorist. He sought the full policy limit of $50,000 because his expenses ($96,947.70) exceeded his coverage. The parties dispute whether Safeway denied the claim.
On February 6, 2012, Kimbrough sued Safeway, asserting claims of breach of contract and bad faith, alleging that Safeway, without lawful justification, had intentionally refused to pay Kimbrough’s claim. On June 7, 2012, Safeway moved to dismiss the case for lack of subject-matter jurisdiction, arguing that a claim for uninsured-motorist benefits is not ripe for adjudication until liability and damages have been established. The trial court denied the motion to dismiss, as well as Safeway’s *41 subsequent motion to reconsider. Safeway now petitions this Court for a writ of mandamus directing the trial court to dismiss only the bad-faith claim, not the breach-of-contract claim, without prejudice, for lack of subject-matter jurisdiction.

II. Standard of Review

“Mandamus is an extraordinary remedy and, will be granted only where there is ‘(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’ Ex parte Alfab, Inc., 586 So.2d 889, 891 (Ala.1991). This Court will not issue the writ of mandamus where the petitioner has ‘full and adequate relief by appeal. State v. Cobb, 288 Ala. 675, 678, 264 So.2d 523, 526 (1972) (quoting State v. Williams, 69 Ala. 311, 316 (1881)).”
Ex parte Ocwen Federal Bank, FSB, 872 So.2d 810, 813 (Ala.2003). “ ‘The question of subject-matter jurisdiction is reviewable by a petition for a writ of mandamus.’ ” Ex parte Chemical Waste Mgmt., Inc., 929 So.2d 1007, 1010 (Ala.2005) (quoting Ex parte Liberty Nat’l Life Ins. Co., 888 So.2d 478, 480 (Ala.2003)).

III. Analysis

Safeway argues that the trial court lacked subject-matter jurisdiction over Kimbrough’s bad-faith claim and, therefore, that it was required to dismiss it pursuant to Rule 12(h)(3), Ala. R. Civ. P., which provides: “Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.”
Safeway’s claim that the trial court lacked subject-matter jurisdiction is based on the holding in Pontius v. State Farm, Mutual Automobile Insurance Co., 915 So.2d 557 (Ala.2005). Pontius involved a husband and wife who were in a car accident with a vehicle driven by an uninsured driver, a minor. The husband and wife sued the minor and the minor’s parents and then filed a claim with State Farm for uninsured-motorist benefits. State Farm denied the claim and intervened in the case. The husband and wife amended their complaint to add State Farm as a defendant and alleged, among other things, that State Farm had denied their claim in bad faith. State Farm filed a motion to dismiss pursuant to Rule 12(b)(6), Ala. R. Civ. P., or for a judgment on the pleadings pursuant to Rule 12(c), Ala. R. Civ. P. The trial court granted the motion and entered a judgment in favor of State Farm.
On appeal, the issue before this Court was whether an action for bad-faith failure to pay an uninsured-motorist claim could be maintained against an insurance company before the plaintiff demonstrated that she was legally entitled to recover damages from the uninsured motorist. This Court held that “ ‘[t]o be “legally entitled to recover as damages” the insured must establish fault on the part of the uninsured motorist, which gives rise to damages, and must then prove the extent of those damages.’ ” Pontius, 915 So.2d at 560 (quoting State Farm’s motion to dismiss and LeFevre v. Westberry, 590 So.2d 154, 157 (Ala.1991)). Consequently, ‘“[t]here can be no breach of an uninsured motorist contract, and therefore no bad faith, until the insured proves that he is legally entitled to recover.’ ” LeFevre, 590 So.2d at 158 (quoting Quick v. State Farm Mut. Auto. Ins. Co., 429 So.2d 1033, 1035 (Ala.1983)).
The Court then cited LeFevre and Bowers v. State Farm Mutual Automobile Insurance Co., 460 So.2d 1288, 1290 (Ala.1984), for the proposition that a tort of *42 bad-faith failure to pay uninsured-motorist benefits is not ripe for adjudication until the insurer and the insured become adversarial and that bad faith can arise only after that time, provided also that the dispute is legitimate and that the issues of fault and damages are resolved. “As to [the] bad-faith claim arising out of [the uninsured-motorist] coverage with State Farm,” the Court concluded, the husband and wife “had to demonstrate [that they were] ‘legally entitled to recover’ damages for bad-faith failure to pay under the policy, and ... ‘ “must be able to establish fault on the part of the uninsured motorist, which gives rise to damages and must be able to prove the extent of those damages.” ’ ” Pontius, 915 So.2d at 564. Because the husband and wife failed to meet that burden, their claims were not ripe and, the Court held, the trial court lacked subject-matter jurisdiction. Id. at 564-65.
Safeway argues that the reasoning in Pontius controls [2] and that the trial court should have dismissed this case as unripe because Kimbrough has not proven liability or damages:
“[B]ecause (1) liability had not been established and (2) damages were ques-tionablef,] ... Safeway is entitled to litigate liability and damages without being subjected to a pretrial tort of bad faith discovery and the threat of an extra contractual judgment at trial of what is a simple automobile accident case.”
Petition, at 6. We disagree that the trial court lacks subject-matter jurisdiction.[3] The trial court does have the authority to hear the case and may dismiss it on the merits. The outcome of the case ought to depend on a Rule 12(b)(6) motion to dismiss, not a Rule 12(b)(1) motion to dismiss, and proving fault and damages ought to be an evidentiary or elemental prerequisite for showing an insurer’s bad-faith failure to pay benefits, not a jurisdictional prerequisite.
Subject-matter jurisdiction is a simple concept:
“Jurisdiction of the subject matter is the power to hear and determine cases of the general class to which the proceedings in question belong. The principle of subject matter jurisdiction relates to a court’s inherent authority to deal with the case or matter before it. The term means not simply jurisdiction of the particular case then occupying the attention *43 of the court but jurisdiction of the class of cases to which the particular case belongs.”
21 C.J.S. Courts § 11 (2006). In determining a trial court’s subject-matter jurisdiction, this Court asks “ ‘only whether the trial court had the constitutional and statutory authority5 to hear the case.” Russell v. State, 51 So.3d 1026, 1028 (Ala.2010) (quoting Ex parte Seymour, 946 So.2d 536, 538 (Ala.2006)). Problems with subject-matter jurisdiction arise if, for example, a party files a probate action in a juvenile court, a divorce action in a probate court, or a bankruptcy petition in a circuit court, because the nature or class of those actions is limited to a particular forum with the authority to handle them. There are, however, no problems with subject-matter jurisdiction merely because a party files an action that ostensibly lacks a probability of merit.[4]
Alabama’s uninsured-motorist statute, § 32-7-23, Ala.Code 1975, protects “persons ... who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom.” We have held that “[ujnknown phantom drivers ... are included within the definition of an uninsured motorist.” Walker v. GuideOne Specialty Mut. Ins. Co., 834 So.2d 769, 772 (Ala.2002) (citing Criterion Ins. Co. v. Anderson, 347 So,2d 384, 386 (Ala.1977)); see also Wilbourn v. Allstate Ins. Co., 293 Ala. 466, 468, 305 So.2d 372, 373-74 (1974). Our analysis in Walker is relevant here:
“A motorist ‘legally entitled to recover damages’ under § 32-7-23 is one who presents facts sufficient to prove that the motorist was involved in an accident under circumstances that would entitle the motorist to uninsured-motorist coverage. Such a motorist is ‘legally enti-tied’ to damages if the motorist meets his or her burden of presenting substantial evidence to survive a motion for a summary judgment or a judgment as a matter of law and the fact-finder is reasonably satisfied from the evidence that the motorist should recover damages. See § 12-21-12, Ala.Code 1975. In [the plaintiff motorist’s] case, the only evidence of a culpable phantom vehicle is [the plaintiff motorist’s] own testimony, which could constitute substantial evidence.”
Walker, 834 So.2d at 772. Like the plaintiff motorist in Walker, Kimbrough has a chance to prove fault on the part of the phantom motorist. The holding in Pontius requires that Kimbrough first establish the fault of the phantom motorist before he may seek damages from Safeway for bad-faith failure to pay. We see no reason why ripeness and subject-matter jurisdiction must be implicated for this to happen. If Kimbrough cannot establish the fault of the phantom driver, then he cannot prove bad faith and, accordingly, Safeway may prevail on a Rule 12(b)(6) motion to dismiss.
In light of the foregoing, Safeway has not clearly demonstrated that this case is not ripe or that the trial court lacks subject-matter jurisdiction. Therefore, Safeway does not have a clear legal right to mandamus relief.

IV. Conclusion

Safeway has not demonstrated a clear legal right that would necessitate the intervention of the Court into this ongoing litigation. Therefore, we deny the petition for the writ of mandamus.
PETITION DENIED.
*44 PARKER, MURDOCK, MAIN, WISE, and BRYAN, JJ., concur.
STUART, BOLIN, and SHAW, JJ., dissent.

. "When the owner or operator of the vehicle causing the accident is unknown, the motorist is an 'uninsured motorist.’ When the operator is unknown, these are usually referred to as 'hit-and-run' cases or 'phantom vehicle’ cases.” Ronald G. Davenport, Alabama Automobile Insurance Law § 20:5 (3d ed. 2012).

. A distinction between the facts in Pontius and the facts before us complicates the application of the Pontius holding here: The present case allegedly involves a phantom driver, whereas Pontius involved a known driver. Decisions following the Pontius holding involved known uninsured drivers, not phantom drivers. See, e.g., State Farm Mut. Auto. Ins. Co. v. Smith, 956 So.2d 1164 (Ala.Civ.App.2006); Ex parte Safeway Ins. Co. of Alabama, 990 So.2d 344 (Ala.2008). The predecessor cases to Pontius likewise relied on decisions involving known uninsured drivers. See, e.g., LeFevre; Bowers; Quick; Shelter Mut. Ins. Co. v. Barton, 822 So.2d 1149 (Ala.2001); Ex parte State Farm Mut. Auto. Ins. Co., 893 So.2d 1111 (Ala.2004). Safeway has not cited, and we have not found, any controlling decisions that apply Pontius to cases involving phantom drivers.

. As Justice Murdock stated in his special concurrence regarding ripeness and subject-matter jurisdiction as expressed in a similar case:
"I am not persuaded ... that the concept of ‘ripeness’ is the appropriate concept by which to describe the problem with the plaintiff's claim. And I especially am not persuaded that the problem here is of a jurisdictional nature. For all that appears, this is a case in which the plaintiff simply is unable to demonstrate that the wrongful conduct she alleges to have occurred, actually has occurred. Addressing such circumstances is one of the purposes for which summary judgment is made available under Rule 56, Ala. R. Civ. P.”
Ex parte Safeway Ins. Co. of Alabama, 990 So.2d 344, 353 (Ala.2008) (Murdock, J., concurring in the result).

. We should not be understood as implying that Kimbrough’s action lacks merit.